IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AMERICAN SECURITY ASSOCIATES, INC.,<br><br>　　　　Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMAND |

# COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on sex and retaliation and to provide appropriate relief to Ambreia Chaney ("Chaney"), who was adversely affected by such practices. The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendant American Security Associates, Inc. ("Defendant"), engaged in intentional discrimination against Chaney by subjecting her to a hostile work environment based on her sex (female), and by taking adverse employment action against Chaney in retaliation for her complaints of sexual harassment, all in violation of Title VII.  Due to Defendant's failure to rid the work environment from

sexual harassment, Chaney was constructively discharged or forced to resign from her position with Defendant, also in violation of Title VII.

## JURISDICTION AND VENUE

1.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2.	The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division. Venue is proper in this Court under 28 U.S.C. § 1391.

## PARTIES

3.	Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.	At all relevant times, Defendant's principal place of business has been in Acworth, Georgia, Defendant has conducted business in the State of Georgia, and it has continuously had at least 15 employees.

5. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (g) and (h) of Title VII, 42 U.S.C. § 2000e (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Chaney filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On July 9, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII had been violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On July 20, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS**

10. Since at least on or about April 2017, Defendant has engaged in unlawful employment practices, in violation of Section 102 of Title VII, 42 U.S.C. § 2000e-3(a), by subjecting Chaney to a hostile work environment based on her sex (female), and by retaliating against her for reporting discrimination.

11. Defendant hired Chaney in or about June 2016 to work as a Security Officer.

12. In or about March 2017, Chaney began working as a Security Officer at Seaside Condominiums, one of Defendant's clients.

13. In or about April 2017, a co-worker began to sexually harass Chaney, including frequent unwelcome and inappropriate touching and lewd sexual statements directed at Chaney.

14. The harasser pushed his pelvis up against Chaney and pulled her hair once or twice a week.

15. On many occasions the harasser said, "I could have you" and "I could get you if I wanted, I know I could" and "I need a blow job!" and "Come on… you aren't going to help me out?"

16. Chaney rebuffed the harasser's advances, constantly telling the harasser not to touch her.

4

17. As Chaney continued to decline the harasser's advances, his advances only became more intense and frequent.

18. On or about June 1, 2017, the harasser cornered Chaney in a closet and threatened to engage in lewd and physical sexual acts.

19. On or about June 3, 2017, Chaney reported the sexual harassment to Defendant's owner and to Chaney's supervisor.

20. On or about June 5, 2017, Chaney was transferred to another client condominium community, Tidewater, resulting in a reduction of pay from $12.00 per hour to $10.00 per hour.

21. Tidewater was known as the location that Defendant sent new employees and employees who had performance issues.

22. Beginning on or about June 5, 2017, Chaney asked her supervisor and Defendant's Regional Manager why she was transferred, complained of the less favorable position and reduction in pay, and requested several times to be moved to a location with similar pay to what she was making before her complaint of harassment.

23. On or about June 7, 2017, Chaney met with the Regional Manager and attempted to give him her written statement with her complaint of harassment.

24. Defendant's Regional Manager would not accept her written statement and told Chaney she could not go back to Seaside, without explanation.

25. On or about July 3, 2017, Chaney contacted Defendant's Regional Manager to ask if she was going to be paid for working July 4th because she was in overtime.

26. Defendant's Regional manager told Chaney he was sending the owners of the company to talk to her, and then inadvertently sent Chaney a text message which read, "she never ad[sic] a statement and that was a week later."

27. Chaney met with Defendant's owners on or about July 3, 2017 who told Chaney that sexual harassment did not exist between coworkers, "as long as it's not your supervisor, they can say and do pretty much whatever they want and it's not sexual harassment," and that Chaney should expect sexual harassment based upon her appearance.

28. Realizing then that Defendant would not transfer Chaney back to Seaside or a place with similar pay and that Defendant would not take any action to remedy the issue, Chaney felt that she had no choice but to resign.

29. Defendant reduced Chaney's hourly wages from $10.00 per hour to $8.00 per hour on her final paycheck.

30. Defendant did not conduct an investigation into Chaney's allegations.

31. Defendant did not discipline the harasser.

32. Defendant kept the harasser in a more favorable position to that of Chaney.

33. The effect of the practice(s) complained of above has been to deprive Chaney of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and because she engaged in protected activity.

34. The unlawful employment practices complained of above were intentional.

35. The unlawful employment practices complained of above were done with malice and/or with reckless indifference to Chaney's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment, engaging in employment practices which discriminate against employees based on their sex, and engaging in any employment practices which discriminate against individuals for engaging in protected activity.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all female employees and employees who engage in protected activity and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Chaney whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

D. Order Defendant to make Chaney whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make Chaney whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Chaney punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

LISA MORELLI
Acting Associate General Counsel

MARCUS G. KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

/s/ *Veronica Rogusky*
Veronica Rogusky
Trial Attorney
Georgia Bar No. 712154
U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, GA 30303
veronica.rogusky@eeoc.gov
404-219-6324 (mobile)
470-531-4837 (office)
