IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:21-cv-03870-ELR-JSA |
| v. | ) ) ) | JURY TRIAL DEMAND |
| AMERICAN SECURITY ASSOCIATES, INC. | ) ) ) | |
| Defendant. | ) ) | |

**FIRST AMENDED COMPLAINT**

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices based on sex and retaliation and to provide appropriate relief to Ambreia Chaney ("Chaney"), who was adversely affected by such practices. The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendant American Security Associates, Inc. ("Defendant"), retaliated against Chaney because she complained of hostile work environment sexual harassment and discriminated against Chaney based on her sex (female), in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division. Venue is proper in this Court under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant's principal place of business has been in Acworth, Georgia, Defendant has conducted business in the State of Georgia, and it has continuously had at least 15 employees.

5. At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Sections 701 (g) and (h) of Title VII, 42 U.S.C. § 2000e (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty (30) days prior to the initiation of this lawsuit, Chaney filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On July 9, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII had been violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On July 20, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

### *Defendant Retaliated Against Chaney When It Reduced Her Pay, in Violation of Title VII*

10. Defendant hired Chaney in or around June 2016 to work as a Security Officer.

11. In or around March 2017, Chaney began working as a Security Officer for one of Defendant's clients, Seaside Condominiums.

12. In or around March 2017, Chaney was earning approximately $12.00 per hour.

13. In or around April 2017, a male co-worker began to sexually harass Chaney, including frequent unwelcome and inappropriate touching and lewd sexual statements directed at Chaney.

14. On or about June 3, 2017, Chaney engaged in statutorily protected activity when she reported the sexual harassment to Defendant's owner and to her supervisor.

15. On multiple occasions from on or about June 3, 2017 through July 3, 2017, Chaney engaged in protected activity when she complained to her supervisor, Defendant's Regional Manager, and Defendant's owners about sexual harassment and retaliation.

16. On or about June 14, 2017, after reporting sexual harassment to Defendant, Chaney received her paycheck from Defendant in which her hourly rate of $12.00, as listed on her previous paycheck, was reduced to $10.00.

17. On or about July 3, 2017, Chaney again engaged in protected activity when she met with Defendant's owners and complained of the sexual harassment and retaliation.

18. On or about July 3, 2017, after Chaney complained to Defendant's owners of the sexual harassment and retaliation, Defendant's owners told Chaney it would reduce her hourly rate on her final paycheck from $10.00 to $8.00.

19. On or about July 24, 2017, Chaney received her final paycheck from Defendant in which her hourly rate of $10.00, as listed on her previous paycheck, was reduced to $8.00.

20. There is temporal proximity between Chaney's protected activity and the adverse employment actions i.e. the reductions in her pay.

21. Since at least June 14, 2017, Defendant has engaged in unlawful employment practices, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-2 when it retaliated against Chaney for engaging in protected activity by reducing her pay.

22. The unlawful employment practices complained of above were intentional.

23. The practices complained of above have deprived Chaney of equal employment opportunities and have otherwise adversely affected her status as an employee because she engaged in protected activity.

24. The unlawful employment practices complained of above were done with malice and/or with reckless indifference to Chaney's federally protected rights.

### *Defendant Retaliated Against Chaney When It Constructively Discharged Her in Violation of Title VII*

25. The Commission re-alleges and incorporates by reference the allegations set forth in paragraphs 10 through 24 above.

26. On or about July 3, 2017, Chaney met with Defendant's owners to complain about sexual harassment and retaliation, as a result of her pay being reduced.

27. Defendant's owners told Chaney, who Defendant knew to be a recent victim of sexual harassment, that based on her appearance, she should expect to suffer harassment and sexually charged attacks from her co-workers again in the future without Defendant's protection, assistance, or redress.

28. Moreover, during the same meeting, Defendant's owners told Chaney that sexual harassment did not exist between co-workers, stating that "as long as it's

not your supervisor, they can say and do pretty much whatever they want and it's not sexual harassment."

29. After this meeting with Defendant's owners, Chaney believed that Defendant was requiring her to accept possible and likely future harassment from her co-workers as a condition of her employment. Moreover, Defendant refused to pay Chaney the $12.00 hourly rate that she earned before she complained of sexual harassment and retaliation.

30. Consequently, on or about July 3, 2017, after Defendant informed Chaney that it would not protect her from future harassment and that her pay would not be restored to the $12.00 hourly rate, Chaney resigned from her position.

31. Defendant deliberately made Chaney's work conditions so intolerable, that she felt that she had no choice but to resign.

32. There is temporal proximity between Chaney's protected activity and the adverse employment action, i.e., Chaney's constructive discharge.

33. On or about July 3, 2017, Defendant engaged in unlawful employment practices, in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-2, when it constructively discharged Chaney in retaliation for engaging in protected activity.

34. The unlawful employment practices complained of above were intentional.

35. The practices complained of above have deprived Chaney of equal employment opportunities and have otherwise adversely affected her status as an employee because she engaged in protected activity.

36. The unlawful employment practices complained of above were done with malice and/or with reckless indifference to Chaney's federally protected rights.

### ***Defendant Discriminated Against Chaney Based on Her Sex (Female) When it Constructively Discharged Her***

37. The Commission re-alleges and incorporates by reference the allegations set forth in paragraphs 10 through 36 above.

38. Upon information and belief, Defendant did not tell Chaney's male comparators that they should expect sexual harassment based on their appearance.

39. Upon information and belief, Defendant subjected Chaney to less favorable terms and conditions of employment than her male comparators, including but not limited to, reductions in her pay.

40. At the time of her discharge, Chaney was performing her job duties satisfactorily and had no history of poor performance.

41.     Defendant's adverse employment actions against Chaney were based on her sex (female), and any non-discriminatory reasons proffered by Defendant are pretext for unlawful discrimination.

42.     On or about July 3, 2017, Defendant engaged in unlawful employment practices, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a), when it discriminated against Chaney based on her sex (female) by constructively discharging her.

43.     The unlawful employment practices complained of above were intentional.

44.     The practices complained of above have deprived Chaney of equal employment opportunities and have otherwise adversely affected her status as an employee because of her sex.

45.     The unlawful employment practices complained of above were done with malice and/or with reckless indifference to Chaney's federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in employment practices which discriminate against employees

based on their sex, subjecting employees to adverse employment actions because they engaged in protected activity, and otherwise engaging in any other employment practices which discriminate against employees for engaging in protected activity.

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees who engage in protected activity and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Chaney whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

D.     Order Defendant to make Chaney whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.     Order Defendant to make Chaney whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety,

stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.    Order Defendant to pay Chaney punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CHRISTOPHER LAGE
Deputy General Counsel

MARCUS G. KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

/s/ *Veronica Rogusky*
Veronica Rogusky
Trial Attorney
Georgia Bar No. 712154

        U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, GA 30303
veronica.rogusky.cox@eeoc.gov
404-219-6324 (mobile)
470-531-4837 (office)