IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN SECURITY ) <br> ASSOCIATES, INC., ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. <br> 1:21-cv-03870-ELR-JSA |

## **CONSENT DECREE**

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. The Commission's Complaint alleged that Defendant American Security Associates, Inc. ("Defendant") retaliated against Ambreia Chaney ("Chaney"), because she complained of a hostile work environment based on sex and discriminated against Chaney based on her sex (female), in violation of Title VII. Defendant denies that it retaliated against Chaney because she complained of a hostile work environment based on sex or that it discriminated against Chaney based on her sex in violation of Title VII.

The Commission and Defendant (collectively "the Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before this Court.

The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; (3) no party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree; (4) the terms of this Consent Decree are and shall be binding upon the present and future representatives, directors, officers, and successors of Defendant; and (5) the Court's entry of this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 17 below.

It is therefore ORDERED, ADJUDGED, and DECREED as follows:

1. Defendant shall not engage in any employment practices which discriminate against employees because of sex.

2. Defendant shall not retaliate against any person because of their opposition to any practice made unlawful under Title VII or because of the filing of a charge of discrimination, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

3. Defendant shall pay Chaney a total settlement amount of $5,000.00 in settlement of the claims raised in this action. Payment shall be made within thirty (30) calendar days of this order approving the Consent Decree. Defendant shall send the settlement check(s) to Chaney via overnight delivery at an address to be provided in writing to Defendant by the Commission. Defendant shall send to the Commission a copy of the checks and the tracking number of each envelope containing the settlement checks to Chaney.

Neither the Commission nor Defendant shall make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Chaney may incur on such payment under local, state and/or federal law.

The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

    a. Within ten (10) business days of the signing of this agreement, Defendant agrees to provide to the EEOC (1) the Defendant/Employer's EIN and (2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of Defendant.

    b. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

    c. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

    d. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

    e. The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

4.    If Chaney does not receive the payments described in paragraph 3 above by the due date set forth therein due to a failure on the part of Defendant to properly transmit the same, Defendant shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs caused by non-compliance or delay, including but not limited to, any and all costs arising out of efforts to enforce this Consent Decree in federal court.

5. Defendant shall maintain and disseminate a formal, written sexual harassment policy (the "Policy"), which shall address Title VII's prohibition of discrimination against any person on the basis of sex within the meaning of Title VII, to each of its employees who have not received such Policy within thirty (30) calendar days of the effective date of this Consent Decree. The Policy shall contain processes and procedures for employees to lodge and Defendant to receive complaints of harassment, discrimination, or retaliation. The Policy shall also contain contact information for employees to report harassment to Defendant. New employees shall receive a copy of the Policy on or before their first day of work, and a copy of the Policy shall be included in any relevant employee manual/handbook maintained by Defendant. Within forty-five (45) calendar days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

6. During the term of this Consent Decree, Defendant shall provide an annual, mandatory training program to all human resources personnel, managers, and employees regarding Title VII and its prohibitions against sex discrimination and retaliation. Each training program shall include an explanation of the Policy referenced in Paragraph 5 above and an explanation of the rights and responsibilities

of employees and managers under the Policy. The training program may be conducted virtually via video recording or in-person.

The first training program shall be completed within ninety (90) calendar days of the entry of this Consent Decree. Each subsequent training program shall be conducted at approximately one-year intervals thereafter. At least fifteen (15) business days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to [EEOC-ATDO-decree-monitoring@eeoc.gov](mailto:EEOC-ATDO-decree-monitoring@eeoc.gov). Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda. Within ten (10) business days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with an employee roster listing the job title and employee ID number of each employee in attendance.

7.      Defendant shall revise its Orientation Packet/Policy provision which states, "I understand my pay rate may vary from post to post. A pay rate is established depending upon the billing rate to the customer, so I understand that if I go to another post, I may be paid at a different rate," to "I understand my pay rate may vary from post to post. A pay rate is established depending upon the billing rate to the customer. For involuntary transfers, employees will be given the option to

<u>choose which post they would like to be transferred to, according to availability, and the Company agrees to disclose the pay rate of each post to allow employees to make an informed decision</u>."

8.    Defendant shall revise its Orientation Packet/Policies to include an exception to its two weeks' notice policy which states, "If I fail [to give a two-week notice], I will not be eligible for employment in the future and that my pay rate may be dropped to minimum wage." Defendant shall add language to its two weeks' notice policy stating that "employee pay will not be reduced, and the employee will not be barred from consideration from re-hire in the event that an employee does not give two (2) weeks' notice, if that employee has submitted a written complaint of sex discrimination or sexual harassment within the six (6) months before their resignation."

9.    Beginning within ten (10) business days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked **Exhibit A**, hereby made a part of this Consent Decree, in: (1) each office where it conducts interviews, and (2) in each of its company binders located at client sites which maintain company binders. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within ten (10) business days

7

after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to William Seiz at williamseiz@americansecurityassociatesinc.com and ASA's attorney, Kimberly Martin at kimberlymartinlaw@gmail.com. If at any time during the term of this Consent Decree Defendant's designated point of contact and/or attorney changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact and/or attorney within fourteen (14) calendar days of the change.

11. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after the date of this order approving the Consent Decree. The reports will include the following information:

> a. the identities of all individuals who have made a report of any incidents of sex discrimination or retaliation for complaining about sex discrimination, to include any complaints that the individual was discharged because of their sex or because they reported sexual harassment, including each person's full name and job title;

  b. for each individual identified in 11.a above, explain what actions were taken by Defendant in response to the individual's report;

  c. for each individual identified in 11.a above, an explanation of whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

  d. for each individual whose employment status has changed as identified in 11.c. above, a detailed statement explaining why the individual's employment status has changed.

Defendant shall provide the social security number of an individual identified in response to 11.a. within seventy-two (72) hours of a request by the Commission. In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

12. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) by regular mail to:

Marcus G. Keegan
Regional Attorney
U.S. Equal Employment Opportunity Commission
Sam Nunn Atlanta Federal Center
100 Alabama Street, SW
Suite 4R30
Atlanta, GA 30303

13. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may, with reasonable prior notice, inspect Defendants' facilities and for compliance and examine and request copies of documents "relevant" to Defendant's compliance under this Consent Decree. Relevant documents may include, but are not limited to, the Polic(ies) referenced in Paragraphs 5, 7, and 8; actions taken and employee records related to reports made under Paragraph 11 and its subparts; the Notice referenced in Paragraph 9, and evidence of anti-discrimination/harassment training pursuant to Paragraph 6.

14. If at any time during the term of this Consent Decree the Commission believes that Defendant is in violation of its terms, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and provide written response to the allegations. Thereafter, the

parties shall have a period of ten (10) business days, or such additional period as may be agreed upon by the Parties, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

15. This Consent Decree shall be in effect for a period of 18 months from the date of this order.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary and appropriate.

17. Each party shall bear its own costs and attorney's fees. The Court DIRECTS the Clerk to close this case.

**SO ORDERED,** this 26th day of April, 2024.

*Eleanor L. Ross*
_____
Hon. Eleanor L. Ross
Northern District of Georgia

The Parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | AMERICAN SECURITY ASSOCIATES, INC. |
| KARLA GILBRIDE<br>General Counsel | */s/ Kimberly Martin*<br>Kimberly N. Martin<br>Georgia Bar No. 482595<br>kimberlymartinlaw@gmail.com |
| CHRISTOPHER LAGE<br>Deputy General Counsel | |
| | Thomas F. Martin<br>Georgia Bar No. 482595<br>tfmartinlaw@msn.com |
| MARCUS KEEGAN<br>Regional Attorney | |
| LAKISHA DUCKETT ZIMBABWE<br>Assistant Regional Attorney | MARTIN & MARTIN, LLP<br>1100 Peachtree Street NE, Suite 200<br>Atlanta, GA 30309<br>Telephone: (404) 313-5538 |
| ROBYN M. FLEGAL<br>Supervisory Trial Attorney | |
| | *Counsel for Defendant* |
| */s/ Iriel Jones*<br>Iriel Jones<br>Trial Attorney<br>Georgia Bar No. 266716<br>iriel.jones@eeoc.gov | |
| U.S. Equal Employment Opportunity Commission<br>Atlanta District Office<br>100 Alabama St. SW, Suite 4R30<br>Telephone: (470) 531-4808<br>Facsimile: (404) 562-6905 | |
| *Counsel for Plaintiff* | |

12

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:21-cv-03870-ELR-JSA |
| AMERICAN SECURITY ASSOCIATES, INC., | ) ) ) | |
| Defendant. | ) ) | |

**EMPLOYEE NOTICE**

1.      This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and American Security Associates, Inc. ("ASA") in a case alleging retaliation and discrimination on the basis of sex. Specifically, the U.S. Equal Employment Opportunity Commission alleged that ASA unlawfully constructively discharged an employee because of her sex and in retaliation for engaging in protected activity. ASA denies that it constructively discharged an employee because of her sex and in retaliation for engaging in protected activity.  As part of the settlement, ASA agreed to pay monetary damages to the employee and to take other actions set out in the Consent Decree resolving this matter.

2.      Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), genetic information, or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the U.S. Equal Employment Opportunity Commission.

3.      ASA will comply with such federal law in all respects. Furthermore, ASA will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance, or participation in any investigation, proceeding, or hearing conducted by the U.S. Equal Employment Opportunity Commission.

4.      An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal

Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

5.      This Notice will remain posted for at least eighteen months by agreement with the U.S. Equal Employment Opportunity Commission. **DO NOT REMOVE THIS NOTICE UNTIL: October  27, 2025.**